[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, a self-employed contractor who does general laboring and excavation work; performed services at a construction project on 70 Olive Street, Naugatuck, Connecticut, which he values at $6900. Plaintiff seeks payment from the Defendants under contract and unjust enrichment theories.
The Defendants were Donald Crosby, Jr. and Theordore J. Stronkowsky individually and their respective construction companies.
At trial the Plaintiff testified that he understood that he was hired by the Defendant Crosby individually to work on the project which was owned and for which the Defendant Stronkowsky was the general contractor.
The Defendant Crosby is a plumbing contractor and provided plumbing services for the Defendant Stronkowsky.
The facts were substantially in dispute between the parties. Though no cross claims are filed each Defendant essentially denied contracting with Plaintiff and maintains that if there was a contract with the Plaintiff it was the responsibility of the other Defendant.
The Court finds that the Plaintiff provided services in the reasonable value of $6900 in furtherance at the 70 Olive Street renovations project. The Defendant Stronkowsky was the owner and general contractor with respect to the 70 Olive Street premises and project. The Defendant Stronkowsky contracted with the Defendant Crosby for plumbing services to be provided for said project. The contract between the Defendants did not contemplate the requirement for four separate water lines for the four unit residential building which would result from the renovation project. This requirement was not discovered until after their plumbing contract, thus the work required to lay the extra waterlines was an extra to such contract.
The Defendant Crosby personally contracted with the Plaintiff for interior excavation work at the 70 Olive Street premise. The Defendant Crosby personally is thus indebted to the Plaintiff in the amount of the reasonable value of such service $3900.
The Defendant Stronkowsky is indebted to the Plaintiff as owner and/or general contractor for the reasonable value of Plaintiff's services in the work related to running water lines from the house to the water main. The reasonable value of such CT Page 2490 services is in the amount of $3000.
The Court has resolved the factual dispute by a review of all exhibits admitted into evidence and through its assessment of the creditability of the witness.
Judgement enters for the Plaintiff as to the Defendant Crosby individually in the amount of $3900.
Judgement enters for the Plaintiff as to the Defendant Stronkowsky individually in the amount of $3000.
Interest and costs are not allowed as to any party.
McWEENY, J.